FRASER v. STASO MILLS.

(Supreme Court, Appellate Division, Second Department. March 17, 1911.)

SALES (§ 353*)—ACTION FOR PRICE—COMPLAINT—STATEMENT OF FACTS.

A complaint alleged that plaintiff sold and delivered to the S. Co. a stone crusher, for which the S. Co. paid $500, and agreed to return the crusher to plaintiff within 10 days after it should be set up or pay the further sum of $2,000, and that the S. Co. afterwards conveyed to defendant all its assets in consideration of defendant assuming the liabilities of the S. Co., including that to plaintiff. *Held*, that the complaint was demurrable, under Code Civ. Proc. § 481, subd. 2, necessitating a statement of .facts constituting the cause of action, as it did not state that the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

S. Co. had set up the crusher or failed to do so, or that the defendant had failed to pay the obligations of the S. Co. or to pay the $2,000.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 995–1004; Dec. Dig. § 353.*]

Appeal from Special Term, Kings County.

Action by George Holt Fraser, doing business under the name and style of Kent Mill Company, against the Staso Mills. From a judgment overruling a demurrer to the complaint, defendant appeals. Reversed, and demurrer sustained, and leave to serve an amended complaint.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and RICH, JJ.

Charles H. Ayres and L. J. Luce, for appellant.
Ward W. Pickard, for respondent.

HIRSCHBERG, J. I think the demurrer should have been sustained, on the ground that the complaint does not state facts sufficient to constitute a cause of action. It alleges that on or about the 12th day of October, 1905, the plaintiff sold and delivered to the Staso Company a stone crusher known as a "Kent mill," with other parts, for which the company paid the plaintiff the sum of $500, "and agreed to return said mill and accessories to plaintiff within ten days after the same should be set up, or, in case of failure so to return the same, to pay him the further sum of two thousand dollars ($2,000) therefor." The complaint further states that the Staso Company transferred and conveyed to the defendant, the Staso Mills, all its assets, "and in consideration thereof defendant assumed and agreed to pay all the liabilities of the said the Staso Company, including the liability of said the Staso Company to this plaintiff hereinabove set forth." The complaint does not state, either that the Staso Company had set up the mill, or had unreasonably failed or neglected to do so, and, while it states that the defendant had assumed to pay the obligations of the Staso Company, there is no allegation that it has failed to do so or that it has failed or neglected to pay the $2,000 to the plaintiff. The learned counsel for the respondent claims in his brief that it was the intention of the plaintiff to allege that no part of the $2,000 has been paid, and in effect that the failure to set up the mill is a reasonable inference; but the requirements of the Code of Civil Procedure necessitate a "*statement* of the facts" constituting a cause of action, so they cannot be deduced by mere inference. Section 481, subd. 2.

It follows that the interlocutory judgment should be reversed, with costs, and the demurrer sustained, with costs, but with leave to the plaintiff to serve an amended complaint on payment within 20 days. All concur.